**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **THE QUARASAN GROUP, INC.** | ) | |
| **d/b/a Teacher Peach,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 20 C 2650** |
| | ) | |
| **NOZANI, LLC n/k/a Buy** | ) | |
| **Box Experts, LLC,** | ) | |
| | ) | |
| **Third-party plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **RANDI BRILL,** | ) | |
| | ) | |
| **Third-party defendant.** | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

MATTHEW F. KENNELLY, District Judge:

The Quarasan Group, Inc., an Illinois-based corporation that does business

under the name Teacher Peach, has sued Nozani, LLC, a Utah-based entity now known

as Buy Box Experts, LLC. Teacher Peach is an online seller of teacher gifts and

motivational classroom products. In early 2019, it was looking for a new online

marketing agency and contacted Nozani. In May 2019, the parties entered into a

contract called a Service Agreement under which Nozani agreed to provide consulting

services to Teacher Peach in return for a monthly fee.

Teacher Peach has sued Nozani, alleging that it failed to perform as required by

the contract. Nozani has counterclaimed for unpaid fees. It has also asserted a

counterclaim against Teacher Peach and a third party claim against Randi Brill, a

Teacher Peach representative, under the Illinois Eavesdropping Act, 720 ILCS 5/14-6(1). Nozani alleges that Brill recorded conversations with Nozani representatives in violation of the Act, which prohibits recording conversations unless all parties to the conversation consent. *See id.* 14-2(a)(2).

Teacher Peach and Brill have moved to dismiss the Eavesdropping Act claim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. They contend the applicable law is supplied not by Illinois but by Utah, which (with an inapplicable exception) permits a party to a conversation to record it even if the other parties are unaware of the recording, so long as one party—here, the person doing the recording—has consented. *See* Utah Code § 77-23a-4(7)(b).

## Discussion

Because Teacher Peach and Brill have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts the factual allegations in Nozani's claim as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and assesses whether it has alleged a plausible basis for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). In deciding the motion, the Court may consider the terms of the Service Agreement, which is attached to Nozani's counterclaim and third-party complaint and is therefore part of that pleading under Federal Rule of Civil Procedure 10(c).

Teacher Peach and Brill contend that Nozani's eavesdropping claim is governed by Utah law, not Illinois law. They rely on a choice-of-law clause in the Service Agreement, which states that "[t]his Agreement, and all transactions contemplated hereby, shall be governed by, construed and enforced in accordance with the laws of the State of Utah." Answer, Counterclaim, and Third-Party Compl., Ex. A ¶ E. Nozani

2

contends that the contractual choice-of-law clause does not govern its claim, which amounts to a tort claim.

Federal courts hearing state law claims under diversity jurisdiction, as in this case, apply the "forum state's choice of law rules to select the applicable state substantive law." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014). Under Illinois law, a court will apply a valid contract's choice-of-law clause to disputes arising from the contract. *See, e.g., Kohler v. Leslie Hindman, Inc.*, 80 F.3d 1181, 1185 (7th Cir. 1996). The fact that the claim in question is a tort claim, as in this case, does not preclude application of a contractual choice-of-law clause. "In determining whether the parties intended the provision to govern tort as well as contract claims, courts look to whether the language of the provision encompasses all rights and liabilities arising out of the transaction or solely the construction of the contract." *Medline Indus. Inc. v. Maersk Med. Ltd.*, 230 F. Supp. 2d 857, 862 (N.D. Ill. 2002). "[T]ort claims that are dependent upon [a] contract are subject to [the] contract's choice-of-law clause regardless of the breadth of the clause." *Id.*

Application of the choice-of-law clause to Nozani's eavesdropping claim is fairly straightforward. The Service Agreement's "Definition of Services" provision called for Nozani to provide Teacher Peach consulting time on a weekly basis:

> Consulting: The client gets certain amount of strategy (consulting) time each week. Strategy calls focus on the things that can be done to make money, save money and prevent the client from losing money. It can also focus on training, brand-building, connecting with industry leaders, effectively utilizing the client['] [sic] resources, reporting, or helping the client from losing money.

Answer, Counterclaim, and Third-Party Compl., Ex. A, p. 8. The recorded conversation(s) involved these contractually-required consulting services. Thus by the

3

plain language of the contract, the allegedly unlawful eavesdropping involved a

"transaction contemplated" by the Service Agreement. Under the choice-of-law

provision's plain language, Utah law, not Illinois law, governs the recorded conversation.

*See, e.g., Facility Wizard Software, Inc. v. Se. Tech. Servs., LLC*, 647 F. Supp. 2d 938,

943-44 (N.D. Ill. 2009) (tort claim dependent on contractual obligations was covered by

a contractual choice-of-law clause applying to "[t]his agreement *and all rights and*

*obligations hereunder* . . . ." (emphasis added)).

The same would be true even if the contractual choice-of-law provision did not

apply. Again, the Court would apply Illinois choice-of-law principles. *See Gunn v. Cont'l*

*Cas. Co.*, 968 F.3d 802, 808 (7th Cir. 2020); *Ruiz v. Blentech Corp.*, 89 F.3d 320, 323

(7th Cir. 1996). Illinois follows the choice-of-law approach set out in the Restatement

(Second) of Conflict of Laws, *see Morris B. Chapman & Assocs., Ltd. v. Kitzman*, 193 Ill.

2d 560, 568, 739 N.E.2d 1263, 1269 (2000), under which the law governing a claim is

that of the state with the most significant contacts relating to that claim. *Curran v.*

*Kwon*, 153 F.3d 481, 488 (7th Cir. 1998). This approach requires application of the law

of the place where the injury occurred, "unless another state has a more significant

relationship to the claim." *Pittway Corp. v. Lockheed Aircraft Corp.*, 641 F.2d 524, 526

(7th Cir. 1981); *Townsend v. Sears, Roebuck & Co.*, 227 Ill. 2d 147, 165, 879 N.E.2d

893, 904 (2007). Factors considered include the place where the injury occurred; the

place where the conduct causing the injury occurred; the domicile, residence,

nationality, place of incorporation and place of business of the parties; and the place

where the parties' relationship is centered. Restatement (Second) of Conflict of Laws §

145(2) (1971).

4

In this case, Teacher Peach and its representatives are Illinois-based, and that is where the recording occurred. But Nozani and its representative who were recorded are based in Utah; any injury from the eavesdropping occurred in Utah; and all the contractual services Nozani provided under the parties' agreement were provided from Utah. There is not enough of a tilt toward Illinois to call for application of the law of a state other than Utah, the place where the injury occurred. Nozani contends that from a policy standpoint, Illinois's eavesdropping law better protects the privacy of the individuals – including Utah citizens – and should take precedence for that reason. But that's not a factor under the Restatement, and more importantly, Nozani identifies no reason why Illinois would have a greater interest than Utah in protecting the privacy of a Utahns.

In short, whether one applies the contractual choice-of-law provision or common law choice-of-law principles, Utah law governs Nozani's eavesdropping claim. Because Utah law did not prohibit Teacher Peach's personnel from recording their conversations with Nozani's representatives, Nozani's claim under the Illinois Eavesdropping Act fails.

### Conclusion

For the foregoing reasons, the Court grants plaintiff and third-party defendants' motions to dismiss count 2 of defendant's counterclaim and third-party complaint [dkt. nos. 22, 30].

Date:  October 7, 2020

_____
MATTHEW F. KENNELLY
United States District Judge